924 F.2d 1051
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Behzad Nobakht DAVANLOO, Plaintiff-Appellant,
v.
B & SON, INCORPORATED, Defendant-Appellee.
 No. 90-2345.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1990.
Decided Feb. 1, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-89-1519-A)
 John Hardin Young, Porter, Wright, Morris & Arthur, Washington, D.C. (Argued), for appellant; Michael A. Fracassi, Law Offices of Michael A. Fracassi, P.C., Washington, D.C., on brief.
 Norman A. West, Godard, West & Adelman, P.C., Fairfax, Va., for appellee.
 E.D.Va.
 REVERSED AND REMANDED.
 Before WIDENER and WILKINS, Circuit Judges, and C. WESTON HOUCK, United States District Judge for the District of South Carolina, sitting by designation.
 WILKINS, Circuit Judge:
 
 
 1
 Behzad Nobakht Davanloo appeals the order of the district court granting summary judgment in favor of B & Son, Incorporated. Davanloo contends that the district court erred in holding that B & Son was not negligent as a matter of law. We reverse and remand.
 
 I.
 
 2
 B & Son owns and operates a small boutique located in a Falls Church, Virginia, shopping mall. At the time the events* giving rise to this lawsuit occurred, there were only three people in the boutique--a shoplifter, an employee, and Davanloo. The employee, who was standing in the rear of the boutique, observed the shoplifter placing items in a bag. When the shoplifter realized that he had been observed, he began running away from the employee toward the front door. At that moment Davanloo, a customer in the boutique, was standing a few feet from the front door facing the mall with his back to the shoplifter and employee. As the shoplifter neared the front door, the employee shouted to Davanloo, "Stop him!" Because of the close proximity of these three individuals, both Davanloo and the shoplifter heard the command. Before Davanloo reacted, the shoplifter struck him on the head with a tennis racket knocking him partially unconscious. The shoplifter successfully escaped from the boutique but was subsequently apprehended.
 
 II.
 
 3
 Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether this showing has been made, the court must assess the evidence in the light most favorable to the party opposing the motion. Charbonnages de France v. Smith, 597 F.2d 406 (4th Cir.1979). The appellate standard of review of a grant of summary judgment is de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988). The parties agree that Virginia law applies in this action based upon diversity of citizenship. Erie R.R. v. Tompkins, 304 U.S. 64 (1938).
 
 
 4
 Under Virginia law, a business invitor owes a duty of ordinary care to its business invitees. Wright v. Webb, 234 Va. 527, 362 S.E.2d 919 (1987). Although the precise injury need not be foreseen, a defendant's negligence proximately causes injury to a plaintiff if a reasonably prudent person should "have anticipated that an injury might probably result from the negligent acts." New Bay Shore Corp. v. Lewis, 193 Va. 400, 409, 69 S.E.2d 320, 326 (1952). "[R]easonable foreseeability is sufficient" to establish proximate cause. Virginia Elec. & Power Co. v. Winesett, 225 Va. 459, 468, 303 S.E.2d 868, 874 (1983). Thus, the issue here is a proximate causation question of the foreseeability of danger to Davanloo created by the employee's command to stop the shoplifter.
 
 
 5
 When the employee shouted to Davanloo, Davanloo was physically located in a position where he could have prevented the shoplifter's escape. The shout was a direct command to the invitee to intervene and detain the fleeing thief. We conclude that under the specific circumstances present here, the command "stop him" foreseeably could have caused the shoplifter to perceive Davanloo as a bar to his escape and to act in a manner intended to remove this bar. We hold that B & Son was not entitled to summary judgment as a matter of law.
 
 
 6
 REVERSED AND REMANDED.
 
 
 7
 C. WESTON HOUCK, District Judge, joins.
 
 
 8
 WIDENER, Circuit Judge, dissents with attached dissenting opinion.
 
 WIDENER, Circuit Judge, dissenting:
 
 9
 I respectfully dissent. I agree with the district court that the shopkeeper was not negligent.
 
 
 
 *
 The parties agree that while they may not ultimately be proven, these facts should be considered true for purposes of this appeal